**Ramiro GARZA, as next friend for his minor son, Hugo Garza, Appellant,**

v.

**EDINBURG CONSOLIDATED INDE-PENDENT SCHOOL DISTRICT et al., Appellees.**

No. 1399.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 25, 1979.

Preston Henrichson, Henrichson & Smith, Edinburg, for appellant.

William J. Quackenbush, Ronald D. Zipp, Pena, McDonald, Prestia & Zipp, Edinburg, Paul D. O'Leary, O'Leary, Sanchez & Benton, Brownsville, for appellees.

## OPINION

BISSETT, Justice.

In this appeal from a summary judgment for Edinburg Consolidated Independent School District, defendant below, the issue before this Court is whether the doctrine of governmental immunity should bar a common law negligence suit by a high school student against a school district for injuries received while playing football. We hold that it should.

The case at bar arises out of a negligence suit brought by Ramiro Garza, as next friend for his minor son, Hugo Garza, against the Edinburg Consolidated Independent School District, three football coaches and a football trainer, all of whom were employees of the defendant school district at the time in question. The plaintiff, a member of the Edinburg High School's freshman football team, alleged that he was injured during the 1975 football season as the result of negligent supervision, instruction, and coaching by the school district's employees. The defendants moved for a summary judgment on the ground that they were protected from suit under the doctrine of governmental immunity. The plaintiff answered this motion by contending that the school's football program constituted a proprietary activity, and thus did not enjoy governmental immunity. The trial court, after considering the parties' summary judgment evidence, concluded that the defendants were immune from liability under the provisions of Tex.Rev.Civ.Stat.Ann., art. 6252–19, the "Texas Tort Claims Act". We agree.

Summary judgment was rendered in favor of the coaches and the trainer on May 8, 1978. Plaintiff has not appealed from that judgment. This appeal is limited to the summary judgment which was rendered in favor of the Edinburg Consolidated Independent School District on May 24, 1978.

The material facts are not in dispute. Plaintiff, a student at the Edinburg High School during the scholastic year 1975–1976, was injured while playing football in the fall of 1975. At the time of his injury, he was a member of the school's freshman football team. The interscholastic football program at Edinburg High School is voluntary, non-credit, and completely extra-curricular. Football practice at the school was conducted before and after regular school hours.

The true purpose of summary judgments is the elimination of patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972). In our opinion, the case at bar illustrates quite plainly an unmeritorious claim. The law is well settled in this state that a school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978). The plaintiff seeks to avoid the preclusive effect of this established doctrine on his cause of action against the school district by arguing that this Court should declare a high school's interscholastic football program to be a proprietary activity.

In *Braun v. Trustees of Victoria Independent School District*, 114 S.W.2d 947 (Tex. Civ.App.—San Antonio 1938, writ ref'd), the court stated:

"Appellant attempts to compare an independent school district with a city or town and cites cases involving the liability of cities and towns. There is quite a distinction between a school district and a city or town. Cities and towns exercise a dual function, to wit, governmental and proprietary, while a school district is purely a governmental agency and exercises only such powers as are delegated to

it by the state. It performs no proprietary functions which are separate and independent of its governmental powers."

Similarly, in *Treadaway v. Whitney Independent School District*, 205 S.W.2d 97 (Tex.Civ.App.—Waco 1947, no writ), the court stated:

"The question is whether the school district was, at the time and question, functioning as a governmental agency or was acting in a proprietary capacity, as contended by plaintiffs. . . .

\* \* \* \* \* \*

. . . There are many respects in which a city can act in a proprietary capacity, but it is hard to imagine how a school district could act in such a capacity, the purpose for which it is created being purely governmental, and when carrying out the functions for which it was thus created it could only act as an agent of the state."

■ The courts of this State have long ago laid down the rules for determining whether a particular activity by the State, a city, a school district or other agency of the State, is governmental or proprietary. See generally, as well as the authorities cited, *Sarmiento v. City of Corpus Christi*, 465 S.W.2d 813 (Tex.Civ.App.—Corpus Christi 1971, no writ). As a general rule, 1) activities which are carried on pursuant to the State's obligation for the general welfare of the public generally, or which are voluntarily assumed for the benefit of the public at large rather than for the primary benefit of its residents, are performed in a governmental capacity and as a governmental function; 2) activities which are performed which are primarily for the benefit of the inhabitants of the affected entity or agency are proprietary in nature.

■ Our public school system is not of mere local concern, rather, it is statewide in scope. A school district is an integral part of the statewide public school system, and its activities, including its participation in the state interscholastic football program, as is the case here, even though performed within the territorial limits of the district, does not render those activities local in nature. Instead, the effect and importance of such activities is statewide, and such activities is performed for the benefit of all the people in this State. See *Mumme v. Marrs*, 120 Tex. 383, 40 S.W.2d 31 (1931); *Treadaway v. Whitney Independent School District, supra*.

■ Plaintiff contends that the recreational and financial aspects of the defendant school district's football program constitute the football program an activity that is proprietary in nature. We agree with plaintiff that the school district's football program is both voluntary and extra-curricular; we further agree that the program is financed in considerable proportion from gate receipts collected at games; and, we also agree with plaintiff that the vast majority of those attending the games is made up of persons who reside within the territorial limits of the Edinburg Consolidated Independent School District. However, these facts do not make the football program essentially either recreational or profit-motivated. The primary purpose of the football program is the educational benefit accruing to the students involved in the program. Nothing could be more in tune with the governmental function of school districts. The aspects asserted by plaintiff do not make the football program of the defendant school district an activity that is proprietary in nature. We hold that a public high school's interscholastic football program is, as a matter of law, a governmental function of the school district.

Plaintiff's points of error are overruled. The judgment of the trial court is AFFIRMED.