Delois **GRAVELY**, Appellant,

v.

**LEWISVILLE INDEPENDENT SCHOOL DISTRICT**, Appellee.

No. 2–85–111–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 23, 1986.

Charles Bradshaw, Dallas, for appellant.

Louis Bickel & Associates and Michael Gray, Dallas, for appellee.

Before JORDAN, BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

JORDAN, Justice.

Appellant was injured when bleachers at Milliken Middle School in Lewisville, Texas collapsed while she was watching her grandson play basketball in a Lewisville Independent School District sponsored game between Milliken Middle School and Hedrick Middle School. She sued the school district for damages as a result of those injuries, claiming that the basketball game was of a proprietary character. She had no connection with either school but was simply a spectator who had paid an admission fee to see the game. Appellant also sued the manufacturer of the bleachers, but that portion of her lawsuit and any disposition of it is not material to this opinion.

Appellee filed special exceptions to appellant's petition on the theory of governmental immunity on the part of the school district. These exceptions were sustained by the trial court and appellant's suit was dismissed.

We affirm.

■ We are confronted at the outset with the well established rule of law that generally all authorized functions of a school district are governmental in nature and a school is therefore immune from suit for injuries sustained at any school sponsored activity or function. Our public school system is statewide in scope and not one of mere local concern. A school district is an integral part of the statewide public school system, and its activities, including its participation in the state inter-scholastic athletic programs, even though performed within the territorial limits of the district, are governmental in nature. *Garza v. Edinburg Consol. Ind. Sch. Dist.*, 576 S.W.2d 916, 918 (Tex.Civ.App.—Corpus Christi 1979, no writ); *cf. Braun v. Trustees of Victoria Indep. Sch. Dist.*, 114 S.W.2d 947, 949–51 (Tex.Civ.App.—San Antonio 1938, writ ref'd.). It is said in *Braun:*

> Our Constitution provides and declares, article 7, sec. 1: "A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools."
>
> By this declaration in the Constitution the matter of public education is made a governmental function and cannot be regarded as a matter of local benefit only. This is true not only with regard to conducting class rooms and other purely educational matters, but equally true with reference to incidental matters such as caring for school grounds.

*Id.* at 950.

This sometimes harsh but necessary rule of law has long been followed in Texas. From a reading of the cases it is hard to conceive of any school sponsored or promoted activity which would be held by the courts to be proprietary in character instead of governmental. This is true because the purpose for which a school district is created is purely governmental, and when carrying out the functions for which it was thus created it could only act as an agent of the State. *Garza*, 576 S.W.2d at 918; *Treadaway v. Whitney Ind. Sch. Dist.*, 205 S.W.2d 97, 99 (Tex.Civ.App.—Waco 1947, no writ). No Texas appellate court, so far as we know, has ever held that a school district has served in a nongovernmental capacity. *McManus v. Anahuac Indep. Sch. Dist.*, 667 S.W.2d 275, 277 (Tex.App.—Houston [1st Dist.] 1984, no writ); *see also Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex.1978); *Duson v. Midland Cty. Indep. Sch. Dist.*, 627 S.W.2d

428, 429 (Tex.Civ.App.—El Paso 1981, no writ).

The rationale of this rule, which admittedly does not heal injuries nor assuage feelings, is that if personal injury suits were permitted against school districts, all school funds might be dissipated for payment of damages instead of being used to educate the youth of this state.

 Appellant admits that most school functions are governmental in nature, but contends that as to her, the basketball game she was attending when injured was proprietary in nature. In this respect, she argues that she was not a student nor employee of the Lewisville School District, but instead was an admission paying spectator at the school district sponsored game. While we can and do sympathize with her predicament, we cannot agree with her argument.

Whether a particular school sponsored activity is governmental or proprietary in nature is not determined by the person involved or injured as a result of such activity, but by the function itself. The rule of governmental immunity for a school or school district exists for the benefit of the whole state and its school system, and the purpose of the rule would be defeated if its application was made dependent on the status of the injured plaintiff. *See Garza,* 576 S.W.2d at 918.

The judgment is affirmed.