TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00551-CV






James Cox and Melissa Cox, Appellants



v.



Leander Independent School District, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 99-518-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING 






 Melissa Cox sustained injuries when bleachers she was standing on at a high school
football game collapsed. Melissa and her father, James Cox, brought suit against appellee Leander
Independent School District. LISD filed a plea to the jurisdiction and alternatively a motion for
summary judgment, asserting it was immune from suit pursuant to the Texas Tort Claims Act. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997 & Supp. 2002). By five issues, the
Coxes challenge the constitutionality of Texas Tort Claims Act section 101.051, which limits a
school district's liability to claims involving motor vehicles, and whether the district court properly
granted LISD's plea to the jurisdiction and summary judgment in its favor. We affirm the district
court's order.


BACKGROUND

 Melissa Cox, a member of Round Rock High School's drill team, attended a football
game hosted by Leander High School. When the bleachers on which she was standing collapsed, 
Melissa sustained a broken pelvis, broken wrists, and a broken jaw. Melissa and her father filed suit
against LISD, alleging due process and equal protection violations, see 42 U.S.C. § 1983 (2000), and
a parallel cause of action under the Texas Constitution for equal rights violations, see Tex. Const.
art. I, § 3. LISD removed the case to federal court based on federal question jurisdiction. Thereafter,
the Coxes amended their pleadings, abandoning their federal and state equal rights causes of action
and adding state law due process and negligence claims, and requested that the case be remanded
to state court. On remand, LISD filed a plea to the jurisdiction and a motion for summary judgment. 
In a general order, the district court granted LISD's plea to the jurisdiction.


DISCUSSION

 The Coxes contend on appeal that (i) LISD's immunity under section 101.051 is
unconstitutional, (ii) the district court erred in granting LISD's plea to the jurisdiction, and (iii) LISD
cannot establish an affirmative defense by way of a no-evidence summary judgment motion. An
appellate court should not address an issue unless appellant first raised the issue in the court below. 
National Lloyds Ins. Co. v. McCasland, 566 S.W.2d 565, 568 (Tex. 1978). Similarly, a court of
appeals may not reverse a trial court's judgment in the absence of properly assigned error. San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990); Texas Nat'l Bank v. Karnes, 717
S.W.2d 901, 903 (Tex. 1986); State Bd. of Ins. v. Westland Film Indus., 705 S.W.2d 695, 696 (Tex.
1986). Therefore, we confine our review of the district court's order to the Coxes' contention that
the district court improperly granted LISD's plea to the jurisdiction. (1)

 The crux of the Coxes' appeal is that the district court prematurely disposed of their
claims against LISD. The Coxes contend that, because they are challenging the constitutionality of
Texas Tort Claims Act section 101.051, LISD's plea to the jurisdiction is an improper procedural
device to dispose of their constitutional claims. (2) See Tex. Civ. Prac. & Rem. Code Ann. § 101.051
(West 1997). A plea to the jurisdiction contests the district court's subject matter jurisdiction. Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); see also Texas Dep't of Transp. v. Jones,
8 S.W.3d 636, 637 (Tex. 1999). Because subject matter jurisdiction poses a question of law, we
review rulings on a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998).

 The plaintiff bears the burden of pleading facts that show the district court has subject
matter jurisdiction; therefore, we examine a plaintiff's good faith factual allegations to determine
whether the district court has jurisdiction. See State Dep't of Crim. Justice v. Miller, 51 S.W.3d 583,
587 (Tex. 2001) (stating that to determine whether a plaintiff has affirmatively demonstrated the
court's jurisdiction to hear the cause, courts should "consider the facts alleged by the plaintiff, and
to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties");
Brannon v. Pacific Employers Ins. Co., 224 S.W.2d 466, 469 (Tex. 1949); see also Bland Indep. Sch.
Dist., 34 S.W.3d at 554. The nature of the issues raised in the plea determines the scope of the
court's focus; this means we may look beyond the pleadings and are required to do so when
necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist., 34 S.W.3d at 555. 
Unless the defendant pleads and proves that the plaintiff's allegations were fraudulently made to
confer jurisdiction or the face of the petition affirmatively demonstrates a lack of jurisdiction, the
district court must liberally construe the plaintiff's allegations in favor of jurisdiction. See
Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996); Peek v. Equipment
Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989).

 The Coxes' original petition alleges that LISD


intentionally deprived Plaintiff Melissa Cox of her right under Art. I, § 3 of the Constitution
of the State of Texas to "equal rights" when it forced Plaintiff Melissa Cox and others to sit
in a portion of A.C. Bible Jr. Stadium it knew to be unreasonably dangerous while it
provided safe seating to fans of Leander High School.



The Coxes amended their petition to allege that LISD



intentionally deprived Plaintiff Melissa Cox of her right under Art. I, § 19 of the
Constitution of the State of Texas to "due course of the law of the land" when it
forced Plaintiff Melissa Cox and others to sit in a portion of A.C. Bible Jr. Stadium
it knew to be unreasonably dangerous, thus forcing her to withstand a risk of bodily
harm it knew to be patently unreasonable without any sort of warning or opportunity
to avoid said risk.



The amended petition also added a negligence claim, alleging LISD "was negligent in maintaining
the conditions of the premises." (3) LISD contends that nothing in the Coxes' amended pleading
refutes LISD's claim that the doctrine of sovereign immunity is a jurisdictional bar to the Coxes'
claims; therefore, the district court was without jurisdiction to hear the case. Acknowledging "that
they fall squarely within the" Tort Claims Act, the Coxes assert that, because their "claim is that
[section 101.051] . . . is unconstitutional," the district court cannot be deprived of jurisdiction before
passing upon that section's constitutionality. (4) The question before us, then, is whether the Coxes'
petition alleges facts challenging the constitutionality of section 101.051, thereby conferring
jurisdiction on the district court. (5)

 Construing the Coxes' petition liberally and in their favor, we cannot say it presents
a constitutional challenge to any portion of the Tort Claims Act. The only reference they make to
the Constitution is to article I, section 19, and even then, they assert only that LISD's conduct
violated the Texas Constitution; the Coxes do not contend that the Act's prohibition on suing LISD
violated their constitutional rights. No reasonable construction of the Coxes' petition, regardless of
how liberally it is construed, supports their position before this Court that they are bringing a
constitutional challenge to any portion of the Tort Claims Act.

 Given Texas' long history regarding sovereign immunity, and the immunity of school
districts in particular, it is clear that LISD is immune from suit. See generally, e.g., Federal Sign v.
Texas S. Univ., 951 S.W.2d 401 (Tex. 1997); LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835
S.W.2d 49 (Tex. 1992); Barr v. Bernhard, 562 S.W.2d 844 (Tex. 1978); Gravely v. Lewisville Indep.
Sch. Dist., 701 S.W.2d 956 (Tex. App.--Fort Worth 1986, writ ref'd n.r.e.). In order to invoke a
court's jurisdiction to hear claims against a school district, a plaintiff must establish waiver of
immunity or a constitutional basis of jurisdiction. The Coxes failed to meet this burden. The district
court was without jurisdiction to hear their claims and properly granted LISD's plea to the
jurisdiction. Accordingly, we overrule the Coxes' fourth issue. Because this issue is dispositive of
their appeal, we do not address their remaining issues. See Tex. R. App. P. 47.1.


CONCLUSION

 Having overruled the Coxes' issues, we hold the district court properly granted
LISD's plea to the jurisdiction. Accordingly, we affirm the district court's order.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 11, 2002

Do Not Publish
1.   LISD filed both traditional and no-evidence summary judgment motions. Because the Coxes
do not challenge the district court's order as to the traditional motion, were we to reach the issue, we
would be required to uphold summary judgment in favor of LISD. See State Farm Fire & Cas. Co.
v. S.S., 858 S.W.2d 374, 381 (Tex. 1993) (recognizing that an appellant's failure to negate each
ground upon which the summary judgment may have been granted requires the appellate court to
uphold the summary judgment); Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970)
(recognizing where there is no general assignment that the trial court erred in granting summary
judgment, the summary judgment may have been based on a ground that was available to the trial
court and not specifically challenged by the appellants).
2.   Section 101.051 provides, "Except as to motor vehicles, [the Tort Claims Act] does not apply
to a school district or to a junior college district." Tex. Civ. Prac. & Rem. Code Ann. § 101.051
(West 1997).
3.   The Coxes' amended petition omits their original equal rights claim under article I, section 3
of the Texas Constitution.
4.   This acknowledgment by the Coxes removes this case from the line of cases where a plea to
the jurisdiction is inappropriate because the jurisdictional issue's resolution is dependent upon a
factual determination as to whether the Tort Claims Act even applies.
5.   Responding to LISD's motion for summary judgment, the Coxes argued that, by exempting
school districts from all liability except for injuries involving motor vehicles, the Legislature
impermissibly attempted to carve out a distinction between school districts and other governmental
agencies. This distinction, the Coxes argued, was unreasonable, arbitrary, and an unconstitutional
violation of Texas' "open courts" provision. See Tex. Const. art. I, § 13. The Coxes did not plead
this argument as a basis for jurisdiction. Because the Coxes do not complain that they were not
given an opportunity to conform their pleadings to their contentions, we hold that their failure to
plead a constitutional cause of action cannot be cured by their response to LISD's motion for
summary judgment.