# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00551-CV

### James Cox and Melissa Cox, Appellants

### v.

### Leander Independent School District, Appellee

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 99-518-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

Melissa Cox sustained injuries when bleachers she was standing on at a high school football game collapsed. Melissa and her father, James Cox, brought suit against appellee Leander Independent School District. LISD filed a plea to the jurisdiction and alternatively a motion for summary judgment, asserting it was immune from suit pursuant to the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997 & Supp. 2002). By five issues, the Coxes challenge the constitutionality of Texas Tort Claims Act section 101.051, which limits a school district's liability to claims involving motor vehicles, and whether the district court properly granted LISD's plea to the jurisdiction and summary judgment in its favor. We affirm the district court's order.

## BACKGROUND

Melissa Cox, a member of Round Rock High School's drill team, attended a football game hosted by Leander High School. When the bleachers on which she was standing collapsed,

Melissa sustained a broken pelvis, broken wrists, and a broken jaw. Melissa and her father filed suit against LISD, alleging due process and equal protection violations, *see* 42 U.S.C. § 1983 (2000), and a parallel cause of action under the Texas Constitution for equal rights violations, *see* Tex. Const. art. I, § 3. LISD removed the case to federal court based on federal question jurisdiction. Thereafter, the Coxes amended their pleadings, abandoning their federal and state equal rights causes of action and adding state law due process and negligence claims, and requested that the case be remanded to state court. On remand, LISD filed a plea to the jurisdiction and a motion for summary judgment. In a general order, the district court granted LISD's plea to the jurisdiction.

**DISCUSSION**

The Coxes contend on appeal that (i) LISD's immunity under section 101.051 is unconstitutional, (ii) the district court erred in granting LISD's plea to the jurisdiction, and (iii) LISD cannot establish an affirmative defense by way of a no-evidence summary judgment motion. An appellate court should not address an issue unless appellant first raised the issue in the court below. *National Lloyds Ins. Co. v. McCasland*, 566 S.W.2d 565, 568 (Tex. 1978). Similarly, a court of appeals may not reverse a trial court's judgment in the absence of properly assigned error. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990); *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986); *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex. 1986). Therefore, we confine our review of the district court's order to the Coxes' contention that the district court improperly granted LISD's plea to the jurisdiction.[1]

---

[1] LISD filed both traditional and no-evidence summary judgment motions. Because the Coxes do not challenge the district court's order as to the traditional motion, were we to reach the issue, we would be required to uphold summary judgment in favor of LISD. *See State Farm Fire & Cas.*

The crux of the Coxes' appeal is that the district court prematurely disposed of their claims against LISD. The Coxes contend that, because they are challenging the constitutionality of Texas Tort Claims Act section 101.051, LISD's plea to the jurisdiction is an improper procedural device to dispose of their constitutional claims.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (West 1997). A plea to the jurisdiction contests the district court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999). Because subject matter jurisdiction poses a question of law, we review rulings on a plea to the jurisdiction *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

The plaintiff bears the burden of pleading facts that show the district court has subject matter jurisdiction; therefore, we examine a plaintiff's good faith factual allegations to determine whether the district court has jurisdiction. *See State Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) (stating that to determine whether a plaintiff has affirmatively demonstrated the court's jurisdiction to hear the cause, courts should "consider the facts alleged by the plaintiff, and to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties"); *Brannon v. Pacific Employers Ins. Co.*, 224 S.W.2d 466, 469 (Tex. 1949); *see also Bland Indep. Sch. Dist.*,

_____

*Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993) (recognizing that an appellant's failure to negate each ground upon which the summary judgment may have been granted requires the appellate court to uphold the summary judgment); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (recognizing where there is no general assignment that the trial court erred in granting summary judgment, the summary judgment may have been based on a ground that was available to the trial court and not specifically challenged by the appellants).

[2] Section 101.051 provides, "Except as to motor vehicles, [the Tort Claims Act] does not apply to a school district or to a junior college district." Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (West 1997).

3

34 S.W.3d at 554. The nature of the issues raised in the plea determines the scope of the court's focus; this means we may look beyond the pleadings and are required to do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. Unless the defendant pleads and proves that the plaintiff's allegations were fraudulently made to confer jurisdiction or the face of the petition affirmatively demonstrates a lack of jurisdiction, the district court must liberally construe the plaintiff's allegations in favor of jurisdiction. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989).

The Coxes' original petition alleges that LISD

> intentionally deprived Plaintiff Melissa Cox of her right under Art. I, § 3 of the Constitution of the State of Texas to "equal rights" when it forced Plaintiff Melissa Cox and others to sit in a portion of A.C. Bible Jr. Stadium it knew to be unreasonably dangerous while it provided safe seating to fans of Leander High School.

The Coxes amended their petition to allege that LISD

> intentionally deprived Plaintiff Melissa Cox of her right under Art. I, § 19 of the Constitution of the State of Texas to "due course of the law of the land" when it forced Plaintiff Melissa Cox and others to sit in a portion of A.C. Bible Jr. Stadium it knew to be unreasonably dangerous, thus forcing her to withstand a risk of bodily harm it knew to be patently unreasonable without any sort of warning or opportunity to avoid said risk.

The amended petition also added a negligence claim, alleging LISD "was negligent in maintaining the conditions of the premises."[3] LISD contends that nothing in the Coxes' amended pleading refutes

---

[3] The Coxes' amended petition omits their original equal rights claim under article I, section 3 of the Texas Constitution.

4

LISD's claim that the doctrine of sovereign immunity is a jurisdictional bar to the Coxes' claims; therefore, the district court was without jurisdiction to hear the case. Acknowledging "that they fall squarely within the" Tort Claims Act, the Coxes assert that, because their "claim is that [section 101.051] . . . is unconstitutional," the district court cannot be deprived of jurisdiction before passing upon that section's constitutionality.[4] The question before us, then, is whether the Coxes' petition alleges facts challenging the constitutionality of section 101.051, thereby conferring jurisdiction on the district court.[5]

Construing the Coxes' petition liberally and in their favor, we cannot say it presents a constitutional challenge to any portion of the Tort Claims Act. The only reference they make to the Constitution is to article I, section 19, and even then, they assert only that LISD's *conduct* violated the Texas Constitution; the Coxes do not contend that the Act's prohibition on suing LISD violated their constitutional rights. No reasonable construction of the Coxes' petition, regardless of how liberally it is construed, supports their position before this Court that they are bringing a constitutional challenge to any portion of the Tort Claims Act.

---

[4] This acknowledgment by the Coxes removes this case from the line of cases where a plea to the jurisdiction is inappropriate because the jurisdictional issue's resolution is dependent upon a factual determination as to whether the Tort Claims Act even applies.

[5] Responding to LISD's motion for summary judgment, the Coxes argued that, by exempting school districts from all liability except for injuries involving motor vehicles, the Legislature impermissibly attempted to carve out a distinction between school districts and other governmental agencies. This distinction, the Coxes argued, was unreasonable, arbitrary, and an unconstitutional violation of Texas' "open courts" provision. *See* Tex. Const. art. I, § 13. The Coxes did not plead this argument as a basis for jurisdiction. Because the Coxes do not complain that they were not given an opportunity to conform their pleadings to their contentions, we hold that their failure to plead a constitutional cause of action cannot be cured by their response to LISD's motion for summary judgment.

5

Given Texas' long history regarding sovereign immunity, and the immunity of school districts in particular, it is clear that LISD is immune from suit. *See generally, e.g.*, *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401 (Tex. 1997); *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992); *Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978); *Gravely v. Lewisville Indep. Sch. Dist.*, 701 S.W.2d 956 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.). In order to invoke a court's jurisdiction to hear claims against a school district, a plaintiff must establish waiver of immunity or a constitutional basis of jurisdiction. The Coxes failed to meet this burden. The district court was without jurisdiction to hear their claims and properly granted LISD's plea to the jurisdiction. Accordingly, we overrule the Coxes' fourth issue. Because this issue is dispositive of their appeal, we do not address their remaining issues. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having overruled the Coxes' issues, we hold the district court properly granted LISD's plea to the jurisdiction. Accordingly, we affirm the district court's order.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 11, 2002

6

Do Not Publish