

# NUMBER 13-11-00270-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SOUTH COAST SPINE &
REHABILITATION PA,**                                                    **Appellant,**

**v.**

**BROWNSVILLE INDEPENDENT
SCHOOL DISTRICT, HECTOR G.
AYALA JR., AND GWENDOLYN
S. HAUGHT,**                                                            **Appellees.**

---

### On Appeal from the County Court at Law No. 1
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez**

By three issues, appellant, South Coast Spine & Rehabilitation PA (South Coast)

challenges the trial court's granting of a plea to the jurisdiction in favor of appellee,

Brownsville Independent School District (BISD), and the dismissal of South Coast's

causes of action against appellee, Gwendolyn S. Haught (Haught).[1]  South Coast argues that (1) because BISD was acting in a proprietary capacity by providing its employees with insurance, the trial court erred by finding that BISD had governmental immunity; (2) the trial court erred by finding that BISD did not waive its governmental immunity from South Coast's breach of contract cause of action by entering into a contract to provide its employees with insurance; and (3) the trial court erred by dismissing its claims against Haught.  We affirm in part and reverse and remand in part.

## I.  BACKGROUND

On November 4, 2008, South Coast filed its original petition in this lawsuit.  In its amended petition, South Coast alleged that it was entitled to payment for medical services rendered to employees of BISD.  It claimed that BISD was liable for the services performed because it was "a third party beneficiary and first party beneficiary by virtue of assignments [South Coast] received from the plaintiffs."

The petition asserted that BISD "offers a 'Brownsville ISD Employee Benefit Plan' for its employees and enrollees. . . .  It is believed that the [BISD] employee insurance plan is a written document to determine the rights and responsibilities between BISD and the employees."  South Coast then detailed the medical services it provided to twenty-six BISD employees.  It listed causes of action for (1) breach of contract, as well as (2) civil conspiracy; (3) concert of action; (4) breach of fiduciary duty; (5) fraud; (6) misrepresentation; (7) promissory estoppel; (8) breach of good faith and fair dealing; and

---

[1] South Coast also named Hector Ayala as an appellee. The trial court dismissed South Coast's claims against Ayala in the same order it dismissed the claims against Haught.  The certificate of service on the notice of appeal, filed with this court on April 25, 2011, shows that South Coast served Ayala's trial attorney J.A. Magallanes with its notice of appeal.  However, according to the record, the trial court granted Magallanes's motion to withdraw as the attorney of record for Ayala on February 24, 2011.  Neither Magallanes nor Ayala has filed a brief or any motions with this Court.  Because Ayala was not properly served with the notice of appeal, we conclude that he is not a party to this appeal.  *See* TEX. R. APP. P. 9.5.

(9) unjust enrichment.  In the petition, South Coast explained that there was no contract between it and BISD, but that it

> obtained assignments from the patients to directly receive proper reimbursement from BISD or [its third-party administrator].  Pursuant to the policy and admissions by BISD and [its third-party administrator], medical providers are paid by — through [BISD] by the [third-party administrator] for those benefits that qualify and that the employee has assigned to the medical provider.

In the "Notices" section of its petition, South Coast stated, "An 'Assignment of Proceeds, Lien, and Authorization' has been duly executed by all patients and have been forwarded to BISD and [its third-party administrator] under separate cover on May 7, 2009 . . . ."  In its First Amended Answer, BISD explained:

> Defendant BISD provides medical benefits to its employees pursuant to a self-funded employee medical benefits plan.  Such plan is adopted by the Board of Trustees of [BISD] and represents those benefits provided by [BISD] to its employees.  The plan is a detailed explanation of benefits and limitations of those benefits. . . .  Employees are free to select medical providers of their choosing.  When employees select a medical provider, they assign the benefits provided them by [BISD] to that medical provider.  The medical provider thereafter treats and bills the patient at its discretion.  BISD's commitment is only that it pay the provider the employee's assigned benefits that the employee is entitled to as per the terms and conditions of its benefit plan. . . .  [South Coast] judicially admits that it is not in privity of contract with Defendant BISD and that it only receives assigned benefits . . . .

BISD then filed a plea to the jurisdiction arguing that (1) all of South Coast's claims are barred by the doctrine of sovereign immunity, and (2) BISD has not waived immunity to South Coast's claims sounding in contract because "there has been no negotiation between the District and [South Coast] to develop contract terms and there was no intent on the basis of the District to enter in to an agreement with [South Coast]."  BISD attached the affidavit of Brett Springston, Interim Superintendent of BISD, in which he stated that, "I verify that at no time has [BISD] ever entered into or negotiated a contract or any other

3

form of agreement for goods and/or services with [South Coast]." On January 19, 2011, the trial court granted BISD's plea to the jurisdiction.

BISD also filed a motion to dismiss South Coast's claims against the individual defendants under the election of remedies provision of the Texas Torts Claims Act (TTCA). BISD moved to have the claims against the individual defendants dismissed because, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West, Westlaw through 2013 3d C.S). The trial court granted the plea to the jurisdiction and motion to dismiss. This appeal followed.

## II. PLEA TO THE JURISDICTION APPLICABLE LAW & STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject-matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda,* 133 S.W.3d at 226. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the

jurisdictional issues raised, as the trial court is required to do. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *See Miranda,* 133 S.W.3d at 228. If the relevant evidence is undisputed or a fact question is not raised relative to the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea, and the issue will be resolved by the fact finder. *Id.* at 227–28; *Galveston Indep. Sch. Dist. v. Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d 802, 807 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

### III.    GOVERNMENTAL VS. PROPRIETARY FUNCTIONS

By its first issue, South Coast contends that BISD was not entitled to governmental immunity because it was acting in a proprietary capacity by providing its employees with healthcare. South Coast relies primarily on our decision in *Casso v. City of McAllen* in which we held that the City of McAllen was acting in its proprietary capacity by providing health insurance to its employees. No. 13-08-00618-CV, 2009 WL 781863, at *7 (Tex. App.—Corpus Christi Mar. 26, 2009, pet. denied) (mem. op.). The reasoning and holding in that case, however, related specifically to cities, which Texas courts have held act in both a proprietary and governmental capacity. *See, e.g., Braun v. Trustees of Victoria Indep. Sch. Dist.*, 114 S.W.2d 947, 950 (Tex. Civ. App.—San Antonio 1938, writ ref'd). In contrast, Texas courts have repeatedly held that because they may only act as authorized

5

by the legislature, school districts only perform governmental functions.[2]  Moreover, in this case, unlike *Casso*, BISD's provision of health insurance to employees was required by statute and was therefore a governmental action.  *See* TEX. EDUC. CODE ANN. § 22.004 (West, Westlaw through 2013 3d C.S.); *cf. Casso*, 2009 WL 781863 at *7 ("The City has not cited, nor are we aware of, statutory authority demonstrating that providing health insurance coverage to Casso constituted a governmental function or that the legislature mandated the City to provide Casso with health insurance coverage.").  Accordingly, the trial court properly granted BISD's plea to the jurisdiction as to South Coast's tort causes of action.  South Coast's first issue is overruled.

### IV.    WAIVER OF GOVERNMENTAL IMMUNITY UNDER SECTION 271.152

In its second issue, South Coast argues that the trial court erred by granting the plea to the jurisdiction on its breach of contract cause of action because, under section 271.152 of the Texas Local Government Code, BISD waived its governmental immunity by entering into contracts to provide its employees with health insurance.  TEX. LOC. GOV'T CODE ANN. § 271.152 (West, Westlaw through 2013 3d C.S.).  South Coast contends that BISD's waiver applies to its suit because the employees executed assignments of their rights under the insurance contract to South Coast, and because under the benefits plan,

---

[2] *See Galveston Indep. Sch. Dist. v. Clear Lake Rehab. Hosp., L.L.C.,* 324 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Fowler v. Tyler Indep. Sch. Dist.,* 232 S.W.3d 335, 339 (Tex. App.—Tyler 2007, pet. denied) (determining that a school district could not act "in a sufficiently proprietary capacity to shed its . . . immunity at the time of [an] injury"); *Dillard v. Austin Indep. Sch. Dist.,* 806 S.W.2d 589, 594 (Tex. App.—Austin 1991, writ denied) ("An independent school district is an agency of the state which carries out only governmental functions, and, consequently, is entitled to governmental immunity."), *overruled on other grounds by Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401 (Tex. 1997), *and superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 598 (Tex. 2001); *Murray v. San Jacinto Agency, Inc.,* 759 S.W.2d 778, 780 (Tex. App.—El Paso 1988), *rev'd on other grounds,* 800 S.W.2d 826 (Tex. 1990); *Gravely v. Lewisville Indep. Sch. Dist.,* 701 S.W.2d 956, 957 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) ("No Texas appellate court, so far as we know, has ever held that a school district has served in a non-governmental capacity.").

medical providers are intended third-party beneficiaries of the contract. BISD responds that (1) under section 271.152, the government cannot waive immunity from a suit brought by a third-party or an assignee, and (2) South Coast failed to provide evidence that BISD executed any written contract satisfying the requirements of section 271.152.

## A.     Assignees under Section 271.152

In its plea to the jurisdiction, BISD asserted that it did not waive its immunity from the breach of contract action because it never entered into a contract with South Coast. On appeal, South Coast argues that under section 271.152, BISD's waiver of immunity applies to its breach of contract claim as either a third-party beneficiary or as an assignee because the employees executed assignments to South Coast. BISD counters that by entering into a contact with its employees, BISD did not waive its immunity from claims made by third parties or assignees.

### 1.     Applicable Law

Under section 271.152 of the Texas Local Government Code, "A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract . . . ." *Id.* "'Contract subject to this subchapter' means a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2) (West, Westlaw through 2013 3d C.S.). "Local governmental entity" includes public school districts such as BISD. *Id.* § 271.151(3)(B). By entering into a written contract stating the essential terms of an agreement to provide insurance services, a government entity waives its

7

immunity from suit. *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006).

We find two recent cases from our sister courts instructive in the present appeal: one decided by the Houston Court of Appeals for the Fourteenth Circuit, reasoning that a state entity waives claims brought by third-party beneficiaries of government contracts for goods and services under Section 271.152; and one by the Austin Court of Appeals, holding that the waiver applies to assignees. *See Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d at 807; *First-Citizens Bank & Trust Co. v. Greater Austin Area Telecomms. Network*, 318 S.W.3d 560, 568 (Tex. App.—Austin 2010, no pet.).

In *Galveston Independent School District v. Clear Lake Rehab. Hospital, L.L.C.*, the Fourteenth District Court of Appeals addressed a case involving circumstances that were very similar to the present case. 324 S.W.3d at 807. In *Clear Lake*, a hospital sued a school district to recover payment for health care services rendered to employees of the school district. *Id.* The trial court denied the school district's plea to the jurisdiction. *Id.* The court of appeals reversed and remanded the case to the trial court. *Id.* It reasoned that the contract between the school district and its employees was an exchange of services sufficient to waive immunity under section 271.152. *Id.* Moreover, the court determined that "when a governmental entity and a contracting party enter into a contract . . . and denominate a third-party beneficiary of that contract, the third-party beneficiary's claim for breach of contract falls within the waiver of immunity authorized under section 271.152." *Id.* at 810. The court found that the hospital could bring a claim under section 271.152 if it were a third-party beneficiary to the contract; however, it concluded that the hospital's bare assertion in its pleadings that it was a third-party beneficiary "by operation of law" did not affirmatively demonstrate its third-party

8

beneficiary status under the contract. *Id.* at 811 ("There is a general presumption against third-party beneficiaries to a contract . . . .") (citing *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999) (expressing that absent clear indication in written contract that parties intended to confer direct benefit to a third-party, third-party cannot maintain breach of contract action)). The appellate court therefore reversed the denial of the plea to the jurisdiction and remanded the case to the trial court to allow the hospital to amend its pleadings. *Id.* at 812 (citing *Miranda*, 133 S.W.3d at 227–28).

The *Clear Lake* court relied, in part, on *First-Citizens Bank & Trust Co. v. Greater Austin Area Telecommunications Network*, in which the Austin Court of Appeals held that a governmental entity's waiver of immunity applies to suits brought by assignees.[3] *Id.* at 810; *Greater Austin Area Telecommunications Network*, 318 S.W.3d at 568. In *Greater Austin Area Telecommunications Network*, a bank that was the assignee of the accounts receivable of a cable company that had contracted with two government entities, including a school district, sued the government defendants for breach of contract. *Id.* at 563. The Austin court specifically determined that none of the provisions of chapter 271 "limit who

---

[3] In support of its argument that, as a third-party assignee, South Coast could not bring a suit under section 271.152, BISD cites our opinion in *H & H Sand & Gravel, Inc. v. City of Corpus Christi*. No. 13-06-00677-CV, 2007 WL 3293628 (Tex. App.—Corpus Christi Nov. 8, 2007, pet. denied) (mem. op.). BISD contends, in its brief, that we held that "a unilateral assignment does not establish 'a waiver of governmental immunity under chapter 271's requirement that a contract be properly executed on behalf of the local government entity.'" *See id.*, at *4. However, our reasoning in that case did not relate to an argument that the plaintiff had a right to sue as a third-party beneficiary or assignee, but rather to the plaintiff's argument that because an assignment was executed it "had a contractual relationship with the City based on its regular course of dealings" by way of a "unilateral modification of the contract." *Id.* Moreover, in *H & H*, our holding was specifically based on the determination that the pleadings demonstrated that the assignment was unilateral and that the plaintiff did not "plead[] sufficient jurisdictional facts to invoke Section 271.152's waiver of the City's government immunity." *Id.* In *H & H*, we did not purport to interpret the statute as it relates to assignees or third-party beneficiaries, but instead we concluded that, based on the evidence provided in that case, an assignment was not a unilateral modification of a contract sufficient to create a contractual relationship under Section 271.152 between appellant and the city. Moreover, in the present case the pleadings demonstrate that the assignment was not unilateral as, in the benefits plan, BISD agreed that employees would assign their rights under the plan to medical providers of their choice. Accordingly, the holding and reasoning from *H & H* is inapposite in this case.

9

can bring suit, nor do they suggest that the legislature intended to exclude assignees from the reach of section 271.152." *Id.* at 568. It reasoned that the legislature intended to enact a broad waiver of governmental immunity from suits "arising from [government] contracts" under chapter 271. *Id.* (quoting *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 327 (quoting House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005))). The court concluded that, "It would be inconsistent with the statute's purpose, therefore, to construe [section 271.152] as denying waiver to assignees of local-government contracts." *Id.* Accordingly, the Austin court found that the pleadings affirmatively demonstrated that the bank had a right to sue as an assignee of the accounts receivable of a cable company that had entered into a contract with the school district. *Id.* at 569.[4]

### 2. Discussion

As an initial matter, we agree with the Fourteenth Court of Appeals that a health insurance contract, which South Coast identified in its pleadings, is an exchange of services as contemplated by section 271.152. *See Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d at 807. Therefore, BISD waived its immunity from suit by entering into the benefits plan. *See id.*; *see also Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 327 (holding that a government entity waives immunity by entering into a contract to provide insurance).

However, while in *Clear Lake* the hospital had not yet pleaded facts sufficient to show it had a right to sue under the contract as a third-party beneficiary, here, South

---

[4] In addition, the San Antonio Court of Appeals, explicitly adopting the reasoning from *Greater Austin Area Telecommunications Network*, held that the section 271.152 waiver applies to pass-through claims made by sub-contractors. *City of San Antonio v. Valemas, Inc.*, No. 04-11-00768-CV, 2012 WL 2126932, at *7 (Tex. App.—San Antonio June 13, 2012, no pet.) (mem. op.).

Coast has pleaded that it provided medical services to BISD employees who executed assignments of their rights under the benefits plan to South Coast. *See id.* Furthermore, BISD stated explicitly in its pleadings that under its insurance policy, after employees "select a medical provider, they assign the benefits provided to them by [BISD] to that medical provider." The pleadings demonstrate that BISD specifically intended that the medical provider chosen by the employee would be assigned the benefits of, and receive payment in accordance with, the benefits plan.[5] Therefore, under the contract as demonstrated in the pleadings, South Coast has a right to sue as an assignee that was intended under the employee benefits plan.[6] *See Greater Austin Area Telecomms. Network,* 318 S.W.3d at 568*; see also Sw. Bell Tel. Co. v. Mktg. on Hold Inc.,* 308 S.W.3d 909, 916 (Tex. 2010) ("Because STA holds contractually valid assignments, STA steps into the shoes of the claim-holders and is considered under the law to have suffered the

---

[5] In its amended response, BISD argued that its "commitment is only that it pay the provider the employee's assigned benefits that the employee is entitled to as per the terms and conditions of its benefit plan." BISD therefore admits that it is responsible to pay medical providers under the plan, but only if the employee is entitled to coverage for the services provided. Further, at oral arguments, BISD asserted that South Coast did not establish the necessary facts to show that it had followed the proper procedures to be entitled to payment under the benefits plan.

BISD presented no evidence and no specific argument indicating that the medical care provided by South Coast was not covered by its benefits plan, nor did BISD present its argument that South Coast had not followed proper procedures to be entitled to payment under the contract in its plea to the jurisdiction. However, even if it had, these arguments relate to the merits of South Coast's breach of contract claim and not to whether BISD waived its immunity from suit under section 271.152 by entering into the contract. In other words, these arguments implicate South Coast's entitlement to payment under the contract, and not its right to bring a lawsuit to assert its rights under the contract. Accordingly, our analysis of the plea to the jurisdiction is not affected by either of these arguments.

[6] In *Greater Austin Area Telecommunications Network*, the government made payments to the assignee after the assignment was executed, and therefore at least implicitly accepted the assignment. *First-Citizens Bank & Trust Co. v. Greater Austin Area Telecommunications Network*, 318 S.W.3d 560, 568 (Tex. App.—Austin 2010, no pet.). The court did not address whether its reasoning applied only to intended or accepted assignees or more broadly to any third-party assignee of a government contract regardless of whether the government consented to or was aware of the assignment. *Id.* Because we determine that South Coast pleaded sufficient facts to show that the assignment of the benefits to medical providers was intended under the contract, we decline to decide the issue of whether an assignee not intended under a government contract has a right to sue under section 271.152. Moreover, we need not determine whether South Coast has a right to sue as an intended third-party beneficiary.

11

same injury as the assignors and have the same ability to pursue the claims."). In these circumstances, taking all facts alleged in the pleadings as true, we find that South Coast's pleadings affirmatively demonstrate that BISD has waived immunity to its breach of contract cause of action.[7]  *See Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d at 807; *Greater Austin Area Telecomms. Network*, 318 S.W.3d at 568.

**B.    Evidence of a Written Contract**

BISD urges that, nonetheless, the trial court properly granted its plea to the jurisdiction because South Coast was unable to provide the court with evidence of a written insurance contract satisfying the requirements of section 271.152. However, in reviewing a plea to the jurisdiction, the trial court must construe the plaintiff's pleadings liberally, and take the facts alleged in the pleadings as true. *Miranda,* 133 S.W.3d at 228. The trial court only considers evidence of jurisdictional facts if the moving party raises a fact issue regarding the court's jurisdiction over the cause of action. *Id.*

Texas courts have found that, at a plea to the jurisdiction, "it is not necessary to have the contract in the record" to determine whether the government has waived immunity from suit under section 271.152. *See Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 327–28 (deciding that a waiver under section 271.152 was demonstrated based on the pleaded allegation of the terms of a contract when the actual contract was not in the record); *Clear Lake Rehab. Hosp., L.L.C.,* 324 S.W.3d at 811; *Greater Austin Area Telecomms. Network*, 318 S.W.3d at 565. Specifically, in *Clear*

---

[7] Under section 271.152, however, BISD only waived its immunity to South Coast's breach of contract cause of action. *See, e.g., City of San Antonio ex rel. City Pub. Serv. Bd. v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d 597, 602 (Tex. App.—San Antonio 2012, pet. denied) ("[T]he legislative waiver of immunity in the contract context is restricted to suits for breach of a written contract for goods and services."). The trial court therefore did not err by dismissing other causes of action related to the benefits plan, including South Coast's promissory estoppel and breach of fiduciary duty claims.

*Lake*, the Fourteenth Court of Appeals considered the exact same argument that is made here by BISD: that the plaintiff is required to provide evidence that a properly executed contract exists at a plea to the jurisdiction. *Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d at 811. The *Clear Lake* court determined that the plaintiff did not have an initial burden to provide evidence of a written contract; rather, it reasoned that, under *Miranda*, "a governmental entity's challenge to jurisdictional facts implicating the merits of the plaintiff's lawsuit mirrors traditional summary-judgment practice," and the burden is on the governmental entity to provide evidence challenging the jurisdictional facts alleged in the plaintiff's pleadings that a valid contract exists under Section 271.152. *Id.* (citing *Miranda*, 133 S.W.3d at 228). Therefore, in *Clear Lake*, the plaintiff was not required to produce a written contract in response to the school district's plea to the jurisdiction. *Id.*

Nonetheless, BISD relies on our case, *Vantage System Design, Inc. v. Raymondville Independent School District,* in which we affirmed an order granting a plea to the jurisdiction because "even though [the plaintiff] pleaded the existence of a contract, it has not marshalled one, which in this situation is a key jurisdictional fact." *See* 290 S.W.3d 312, 316 (Tex. App.—Corpus Christi 2009, pet. denied). The circumstances in the present case, however, differ substantially from those in *Vantage*.

In *Vantage*, the plaintiff pleaded the existence of a construction contract directly between itself and the school district. *Id.* In its plea to the jurisdiction, the school district specifically denied that there was ever a properly executed contract between the two parties. *Id.* According to our opinion, the evidence showed that the plaintiff "sent a signed contract to the [school district], but the [school district] never executed the contract." *Id.* The plaintiff conceded that no validly executed contract existed but argued that it provided multiple documents that, when taken together, could be construed as a contract. *Id.* We

13

determined that this did not meet the explicit definition of a contract in section 271.152. *Id.* Because the plaintiff could not marshal a contract sufficient to meet the requirements of section 271.152 in response to the arguments and evidence presented by the school district that no such contract existed, we affirmed the trial court's denial of the plea to the jurisdiction. *Id.*

Here, South Coast specifically based its breach of contract cause of action on the allegations that there was a written insurance agreement between BISD and its employees and that the employees then assigned their rights under the contract to South Coast. In response, BISD provided an affidavit that alleged only that it had not entered into a contract with South Coast, but did not argue or provide evidence suggesting that it never entered a contract with its employees who then assigned their rights to South Coast.[8] Therefore, unlike in *Vantage*, BISD never denied, and provided no evidence challenging, the jurisdictional facts alleged in South Coast's pleadings that formed the

---

[8] We note that in its plea to the jurisdiction, BISD stated that South Coast's pleadings did not demonstrate that the employee benefits plan contained "the essential terms necessary to establish a written contract." BISD, however, did not elaborate on this assertion, provide any detail as to what terms were missing, or provide any evidence refuting South Coast's allegation that a properly executed contract existed between BISD and its employees. *See Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d at 811 (reasoning that a governmental entity's challenge to jurisdictional facts implicating the merits of the plaintiff's lawsuit "mirrors traditional summary-judgment practice"). While BISD provided an affidavit alleging that it never entered into a contract with South Coast, the affidavit did not address whether the essential terms of the agreement were part of its benefits plan. *See id.*

Moreover, specifically, South Coast's pleadings stated "it is believed the BISD employee insurance plan is a written document to determine the rights and responsibilities between BISD and the employees. . . ." In its answer, BISD explained that "[t]he plan is a detailed explanation of benefits and limitations of those benefits. . . ." Further, in its pleadings, South Coast asserted, "Pursuant to the policy and admissions by BISD and [its third-party administrator], medical providers are paid by — through [BISD] by the [third-party administrator] for those benefits that qualify and that the employee has assigned to the medical provider." BISD did not explain what other essential terms needed to be included in the pleadings, nor does any case law indicate that South Coast was required to include any other essential terms in its pleadings in order to demonstrate a waiver under section 271.152. Instead, the pleadings sufficiently demonstrate that a valid contract exists, and a fact issue remains as to whether any essential terms might be missing from the contract. *See id.* at 811 (reasoning that if the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea, and the issue will be resolved by the fact finder).

basis for its contention that BISD waived its immunity.[9] *See id.* In the absence of relevant evidence creating a fact question as to the pleaded jurisdictional facts, we take the plaintiff's pleadings as true. *Miranda*, 133 S.W.3d at 228. Accordingly, under these facts, South Coast was not required to marshal a written contract, and its pleadings alleging that it was an intended assignee of a written contract between BISD and its employees was sufficient to survive the plea to the jurisdiction. *See id.*; *Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d at 811; *see also HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 773 (Tex. App.—Dallas 2012, pet. dism'd) ("The defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue.").

We sustain South Coast's second issue as to its breach of contract claim and overrule it as to South Coast's other causes of action.

### III. INDIVIDUAL EMPLOYEE

Having determined that BISD's plea to the jurisdiction was properly granted on South Coast's tort causes of action and improperly granted on South Coast's breach of contract claim, we must address the remaining issue, whether the trial court erred by dismissing the claims against BISD's employee, Haught. South Coast argues that the trial court should not have dismissed the claims against Haught under section 101.106 of the Texas Civil Practice and Remedies Code, the election of remedies provision of the Texas Tort Claims Act, because BISD provided no evidence that dismissal was

---

[9] In addition, unlike *Vantage*, South Coast does not concede the absence of a properly executed contract nor does it try to rely on a combination of documents to establish the school district's waiver of immunity. *See* 290 S.W.3d 312, 316 (Tex. App.—Corpus Christi 2009, pet. denied). Instead, South Coast argues that there is a properly executed contract, which BISD did not provide prior to consideration of the plea to the jurisdiction.

15

appropriate and because section 101.106 was not intended to apply to suits to recover for payment of services rendered. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)

The motion to dismiss relied solely on the election of remedies provision of section 101.106(e) of the Texas Tort Claims Act. *See id.* Under this section, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under [the Tort Claims Act] for purposes of section 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 659 (Tex. 2008) (quotation omitted). Therefore, when a tort claim is filed against a government entity, the trial court must dismiss any claims against its employees that involve the same subject matter as the tort claims against the government entity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e); *Garcia,* 253 S.W.3d at 659.

## A. Tort Claims Against Haught

Here, South Coast in its pleadings alleged causes of action against BISD and its employee, Haught, sounding in both tort and contract. South Coast alleged torts against both BISD and its employees which arose out of the same set of facts. While it is not entirely clear what specific conduct the tort claims are addressing, South Coast, in its pleadings, alleged no separate action committed by the employees which might indicate that the tort claims involve a different subject matter. Moreover, while the tort allegations listed in the pleadings are very general, they appear to be aimed at the collective actions

16

of BISD and its employees.[10]  The tort causes of action against BISD are presumed to be filed under the Texas Tort Claims Act.  *See Garcia*, 253 S.W.3d at 659.  Therefore, under the facts alleged in the pleadings, the trial court properly dismissed the tort causes of action against Haught.[11]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).

## B.  Contract Claims Against Haught

BISD and Haught contend that the causes of action relating to the contract were also properly dismissed because they involve the same subject matter as the tort causes of action alleged against BISD.  We disagree.

At oral arguments, BISD directed us to *Hallmark v. City of Fredericksburg* in which the San Antonio court of appeals reasoned that section 101.106 applies "without regard to whether the action against the employee is based on the same cause of action; the action need only involve the same subject matter as the action brought against the governmental entity."  94 S.W.3d 703, 710 (Tex. App.—San Antonio 2002, pet. denied).  Therefore, "whether the plaintiff's claim against the governmental unit falls under the TTCA is relevant, but whether the plaintiff's claim against the employee falls under the TTCA is not."  *Id.*  Notably, in *Hallmark*, all of the causes of action subject to the city's motion to dismiss were intentional torts.  *Id.*

---

[10] South Coast argues that "the matter should only be taken up with the protections afforded by summary judgment procedures."  However, section 101.106(e) does not require that the government provide any evidence; rather, it mandates that "the employees shall immediately be dismissed on the filing of a motion by the governmental unit."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).

[11] South Coast argues that the Texas Tort Claims Act does not apply to "the type of claims that a healthcare provider has for payment of services rendered."  We however find that the causes of action asserted in South Coast's pleadings of civil conspiracy, concert of action, fraud, and misrepresentation are not simply "the type of claims that a healthcare provider has for payment of services rendered."  Instead, they are torts and therefore are presumed to be filed under the Texas Tort Claims Act.  *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 659 (Tex. 2008).

In the present case, unlike *Hallmark*, in addition to the tort claims, South Coast alleged contract causes of action against both BISD and Haught. The *Hallmark* Court did not hold that 101.106 applies to contract claims, but instead determined that it applied to intentional torts even if they were not the same cause of action that was alleged against the government entity. Here, the contract causes of action against the employees may have addressed the same conduct as the breach of contract action against BISD, but they did not involve the same conduct as the tort causes of action against BISD. *See id.* (reasoning that "whether the plaintiff's claim against the government falls under the TTCA is relevant"). The Texas Tort Claims Act does not apply to contract claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Therefore, section 101.106(e) does not apply to South Coast's contract claims, and the trial court erred by dismissing them. *See id.*

We overrule South Coast's third issue as to its tort claims and sustain it as to its contract claims.

## IV. CONCLUSION

We reverse the trial court's granting of the plea to the jurisdiction as to South Coast's breach of contract cause of action and the dismissal of its contract claims against Haught. We affirm the trial court's granting of the plea to the jurisdiction on all other causes of action against BISD and the trial court's dismissal of South Coast's tort causes of action against Haught. We remand this case to the trial court for further proceedings consistent with this opinion.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
30th day of April, 2014.

18