

NUMBER 13-08-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VANTAGE SYSTEMS DESIGN, INC.,                                    Appellant,

v.

RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT,         Appellee.

On appeal from the 197th District Court
of Willacy County, Texas.

# OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Opinion by Chief Justice Valdez[1]**

On appeal, appellant, Vantage Systems Design, Inc. ("Vantage") challenges the trial

court's dismissal of its breach of contract and quantum meruit suit against appellee,

Raymondville Independent School District ("the District"), for lack of jurisdiction. In a single

---

[1] On our own motion, we withdraw our previously issued memorandum opinion and judgment and substitute this opinion in its place.

issue, advanced by four subissues, Vantage contends that the trial court erred in dismissing its suit.  We affirm.

## I. Background

On June 5, 2002, the District, the Willacy County Courthouse, Reber Memorial Public Library, the City of Raymondville, Raymondville Su Clinica, and Workforce Solutions entered into an interlocal collaborative agreement[2] whereby the entities agreed to apply for a $203,000 grant from the Telecommunications Infrastructure Fund Board for the installation of a wireless internet network in Willacy County.  Under the terms of the agreement, the District administered the grant and accepted bids from contractors.

Vantage submitted a $144,168.50 bid and made a visual presentation to the District's Board of Trustees at a board meeting.  On March 31, 2003, Bernadette Cover, the District's superintendent, wrote to Patrick Kennedy, Vantage's district sales manager, that the District had accepted Vantage's bid.  Cover's letter states in relevant part:

> Please be advised that the RISD board unanimously approved the award of the Raymondville CN-3 grant project to Vantage Systems at a Special Meeting . . . .
>
> . . .
>
> Raymondville ISD, as grant administrator, is a tax exempt organization. Therefore, the district will require that all subcontractors and third party vendors submit their invoices directly to, and for payment by the Raymondville ISD.  Invoices should not include any Sales Tax component.
>
> Please prepare your time-line information and estimated payment schedule, identifying such subcontracts and vendors.

Thereafter, Vantage sent a signed contract to the District, but the District never executed

---

[2] *See* TEX. GOV'T CODE ANN.§ 791.011 (Vernon Supp. 2008) (providing that local governments may contract with each other for the provision of governmental services).

2

the contract. Vantage began the project and received at least one payment from the District on April 17, 2003.

In July 2003, Cover e-mailed Vantage to express concerns over the quality of its work and cost overruns. Vantage responded to Cover's concerns and reassured her that the project would be properly completed. The District subsequently hired another contractor to complete the project.

On September 8, 2003, Vantage sued the District for breach of contract. The District answered with a general denial, specifically denied executing a contract, and asserted counterclaims for deceptive trade practice act violations, negligence, and fraudulent inducement. In 2006, the District moved for a traditional summary judgment, but the trial court denied its motion. The District filed a plea to the jurisdiction, which asserted governmental immunity from suit, and a notice of nonsuit as to its counterclaims. Vantage did not respond to the District's jurisdictional plea. On April 30, 2008, the trial court dismissed Vantage's suit. This appeal followed.

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject-matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852

3

S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.–Fort Worth 2003, pet. denied).

We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.–Fort Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Miranda*, 133 S.W.3d at 228.

If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the factfinder. *Id*. at 227-28; *Bland*, 34 S.W.3d at 555. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 227-28; *Bland*, 34 S.W.3d at 555.

### III. GOVERNMENTAL IMMUNITY

Governmental immunity has two components: immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit bars suit against the entity altogether. *Id*. When a governmental entity enters into a

4

contract, that entity waives immunity from liability and voluntarily binds itself, just as any other party would, to the terms of the contract, but that entity does not thereby waive immunity from suit. *Id.* For there to be a waiver of immunity from suit in the contract-claim context, the legislature must have waived immunity from suit as to the claim in question by clear and unambiguous language. *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2008) (providing that a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language); *Tooke*, 197 S.W.3d at 332-33 (requiring clear and unambiguous language to waive governmental immunity).

Under Texas Local Government Code section 271.152, a local governmental entity authorized by statute or constitution to enter into contract, and which enters into a contract subject to the subchapter, waives sovereign immunity to suit for purpose of adjudicating a claim for breach of the contract. TEX. LOC. GOV'T CODE ANN. § 271.152 (Vernon 2005). A contract subject to the subchapter is "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id*. § 271.151(2) (Vernon 2005).

## IV. DISCUSSION

### A. Breach of Contract

In its first subissue, Vantage argues that the trial court has jurisdiction over its claim because section 271.152 of the local government code waives governmental immunity for breach-of-contract claims and "at least some evidence exists" of a contract. In its first amended original petition, Vantage pleaded in relevant part:

> On March 27, 2003, Defendant, RISD, awarded to Plaintiff [Vantage] a
> contract to complete the CN-3 Grant project for RISD. That contract called

5

> for Plaintiff to complete the work necessary to create a community wireless network for RISD and other entities. Plaintiff would show that Defendant RISD breached without excuse its contract on or about August 29, 2003.

In its plea to the jurisdiction, the District denied executing a contract with Vantage.

The record in this case lacks a written, executed contract between the parties. *See id*. Vantage concedes this point, yet it contends that a contract, even in a governmental immunity context, may consist of multiple documents. *See Courage Co. v. Chemshare Corp.*, 93 S.W.3d 323, 333 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000)) ("A court may determine, as a matter of law, that multiple documents comprise a written contract, and in appropriate instances, may construe all the documents as if they were part of a single, unified instrument."). Vantage posits that there is some evidence of a contract under the "multiple document standard" because it made a formal proposal to the District's Board of Trustees and Cover acknowledged the District's acceptance of the proposal. Vantage essentially asks us to apply the common law of contracts to a governmental immunity question just as the Texas Supreme Court did in 2000 in *Fort Worth Indep. Sch. Dist.,* 22 S.W.3d at 840.

Since that case, the Texas Legislature has enacted section 271.152 of the local government code, which governs the underlying dispute,[3] and we defer to the legislature to waive governmental immunity. *See* TEX. GOV'T CODE ANN. § 311.034; *IT-Davy*, 74 S.W.3d at 853. Section 271.151 clearly states that for a contract to waive governmental

---

[3] Although the effective date of this statute was September 1, 2005, the statute also applies to claims arising under a contract executed before the effective date if sovereign immunity has not been waived with respect to the claim before the effective date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, §§ 2-3, 2005 Tex. Gen. Laws 1548, 1549. Because the contract was allegedly formed in March 2003, we analyze Vantage's claim under section 271.152 of the local government code.

immunity it must be written and properly executed. *See* Tex. Loc. Gov't Code Ann. § 271.151. Even though Vantage pleaded the existence of a contract, it has not marshaled one, which in this situation is a key jurisdictional fact.

Vantage's first subissue is overruled.

## B.    Quantum Meruit

By its second subissue, Vantage contends that section 271.152 of the local government code extends a waiver of governmental immunity to its quantum meruit claim. The Houston First Court of Appeals has held that the waiver of governmental immunity in section 271.152 does not extend to quantum meruit claims. *See City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 12 (Tex. App–Houston [1st Dist.] 2007, no pet.); *see also McMahon Contr., L.P. v. City of Carrollton*, No. 05-07-01626-CV, 2009 Tex. App. LEXIS 311, at *9 (Tex. App–Dallas Jan. 19, 2009, no pet. h.) (noting that the parties agreed that section 271.152 does not waive immunity from suit for quantum meruit claims); *see also H & H Sand & Gravel, Inc. v. City of Corpus Christi*, No. 13-06-00677-CV, 2007 Tex. App. LEXIS 8878, at *7 (Tex. App.–Corpus Christi Nov. 8, 2007, pet. denied) (memo. op.) (holding that claims in equity, including waiver by acceptance of material and benefit and detrimental reliance are not encompassed by section 271.152's limited waiver). Vantage concedes that the *Swinerton* case contradicts its position, but, without a developed argument or rationale, it invites us to hold otherwise. We decline to do so.

Vantage's second subissue is overruled.

## C.    Waiver

By its third subissue, Vantage argues that the District waived immunity by filing

counterclaims and, after engaging in the litigation process for several years, is now precluded from regaining immunity. With regard to the District's first argument, the supreme court has held that where a

> governmental entity has joined into the litigation process by asserting its own affirmative claims for monetary relief, we see no ill befalling the governmental entity or hampering of its governmental functions by allowing adverse parties to assert, as an offset, claims germane to, connected with, and properly defensive to those asserted by the governmental entity.

*Reata Constr. Co. v. City of Dallas*, 197 S.W.3d 371, 376-77 (Tex. 2006). The Dallas Court of Appeals has held that a governmental entity may regain immunity by withdrawing claims for affirmative relief. *See City of Dallas v. Albert*, 214 S.W.3d 631, 636 (Tex. App.–Dallas 2006, pet. filed) (op. on reh'g) (holding that to the extent the City may have waived immunity from suit by filing counterclaims, the City reinstated its immunity from suit by dismissing its counterclaims).[4] In this case, the District filed a notice of nonsuit as to its counterclaims. Assuming the District's counterclaims where "germane to, connected with, and properly defensive to" Vantage's claims, the District regained its immunity by withdrawing its counterclaims. *See id*.

Vantage also argues that the District is precluded from regaining immunity because it invoked the trial court's jurisdiction by asserting counterclaims, pursuing discovery for years, and then unilaterally attempting to vitiate jurisdiction through nonsuit. Vantage contends that *Perry Homes v. Cull* supports its waiver argument. 258 S.W.3d 580 (Tex. 2008).

We conclude that Vantage's reliance on *Perry Homes* is misplaced. The principle

---

[4] *See also City of Dallas v. Martin*, 214 S.W.3d 638, 643 (Tex. App.–Dallas 2006, pet. filed) (op. on reh'g) (same holding).

issue in that case was whether the home-owning-plaintiffs in a construction defect case against a contractor waived their right to arbitration by opposing arbitration, engaging in discovery, and then insisting on arbitration on the eve of trial. *See id.* at 584-85. The principle issue in this case is not a contractual right but a fundamental jurisdictional concept—governmental immunity. And, it is well established that subject-matter jurisdiction is authorized by constitution or statute, and it is not something the parties can confer by consent or waiver or abrogate by agreement. *Fernandez v. Frost Nat'l Bank*, 267 S.W.3d 75, 81 (Tex. App.–Corpus Christ 2008, pet. filed) (citing *Walls Reg'l Hosp. v. Altaras*, 903 S.W.2d 36, 40-41 (Tex. App.–Waco 1997, no writ)).

Vantage's third subissue is overruled.

## D.    Effect of Nonsuit

In what we construe as Vantage's fourth subissue, it argues that the District's counterclaim is still effective because no order dismissing it has been entered, and even if a dismissal order were signed, the withdrawn counterclaim serves as some evidence of a written contract. But, as we have already held, the local government code's waiver of governmental immunity requires a written contract, not some evidence of a written contract. With regard to the nonsuit, we conclude, under the instant circumstances, that it took effect when it was filed. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) ("While the date on which the trial court signs an order dismissing the suit is the 'starting point for determining when a trial court's plenary power expires,' a nonsuit is effective when it is filed.") (quoting *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997)).

9

Vantage's fourth subissue is overruled.

## V. Conclusion

The trial court's dismissal order is affirmed.

_____     _____
                            ROGELIO VALDEZ
                            Chief Justice

Opinion delivered and filed
this the 9th day of April, 2009.