**Reversed and Remanded and Opinion filed April 6, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00594-CV

## IN THE INTEREST OF L.N.A.H. AND K.N.A.H., CHILDREN

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-03010**

## OPINION

Mother appeals the dismissal of her petition to terminate the parental rights of alleged father. The trial court concluded it did not have personal jurisdiction over alleged father, a foreign national of El Salvador, due to a lack of service. Under the Family Code, the trial court has personal jurisdiction to adjudicate the rights of alleged father. Thus, we conclude that the trial court erred in dismissing this case for want of prosecution and remand to the trial court for further proceedings.

BACKGROUND

Mother filed a petition to terminate alleged father's parental rights to L.N.A.H. ("Lily") and K.N.A.H. ("Katy," collectively the Children). Alleged father and Mother resided in El Salvador. Mother was a victim of repeated physical and sexual assaults by alleged father. The sexual assaults resulted in the birth of the Children. Lily was born in 2008 and Katy was born in 2009. Mother and alleged father have never been married but he claimed and regarded mother as his "property." Alleged father has not taken any interest in the Children, has not supported them in any way, has never resided with mother and the Children, and is not listed on the Children's birth certificates. As of December 2019, alleged father had not registered as the father of the Children in El Salvador, and no other man has registered his paternity to the Children.

Alleged father's location is presently unknown to mother. Alleged father's last known location was the El Salvador prison system. Mother is not aware of alleged father's present location. After enduring many assaults and threats of violence on both herself and the Children, mother fled with the Children to the United States. Mother and the Children settled in Texas.

Mother filed a petition to terminate alleged father's parental rights to the Children. Mother alleged the above facts and argued that under section 161.002(b)(2)(B) and (c-1) of the Family Code, service on alleged father was not required. After the cause had been pending on the trial court's docket for some months without service on alleged father, the trial court issued a notice of intent to dismiss for want of prosecution.

After conducting a hearing and after mother submitted additional briefing on the issue of service on alleged father, the trial court dismissed the cause for want of prosecution. The lengthy dismissal order indicated the trial court's analysis

regarding its conclusion that it lacked personal jurisdiction over alleged father. Mother appeals the dismissal.

## PERSONAL JURISDICTION

Mother argues that the Family Code does not require service on alleged father to terminate his parental rights. Mother argues that the trial court only needs "subject matter jurisdiction and in rem jurisdiction over the parent-child relationship involved." We conclude that the trial court has subject matter jurisdiction over this matter and that mother pleaded sufficient facts to allow her to proceed to adjudicate alleged father's parental rights under section 161.002(b)(2), and (c-1) of the Family Code without personal service on alleged father.

"A court may exercise only the jurisdiction accorded it by the constitution or by statute." *Goodman v. Summit at W. Rim, Ltd.*, 952 S.W.2d 930, 933 (Tex. App.—Austin 1997, no pet.); *Vantage Sys. Design, Inc. v. Raymondville Indep. Sch. Dist.*, 290 S.W.3d 312, 317-18 (Tex. App.—Corpus Christi 2009, pet. denied) (subject matter jurisdiction is authorized by constitution or statute); *Estate of Nicholas*, No. 14-19-00716-CV, 2020 WL 1469519, at *4 (Tex. App.—Houston [14th Dist.] Mar. 26, 2020, pet. denied) (mem. op.); *Webb v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-03-00764-CV, 2005 WL 3234580, at *2 (Tex. App.—Austin Dec. 2, 2005, no pet.) (mem. op.) (subject matter jurisdiction refers to the kind of controversies a court has authority to hear—authority conferred by constitution or statutes).

Subject matter jurisdiction is never presumed, cannot be conferred by consent or estoppel, and cannot be waived. *See Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001) (per curiam); *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d

440, 443–44 (Tex. 1993). Even if not raised, issues affecting jurisdiction must be reviewed *sua sponte*. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

A district court's statutory authority for subject matter jurisdiction over suits involving child custody is found in the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as incorporated in the Texas Family Code. *See* Tex. Fam. Code §§ 102.011, 152.201; *Arteaga v. Tex. Dep't of Protective & Regul. Servs.*, 924 S.W.2d 756, 759 (Tex. App.—Austin 1996, writ denied). The UCCJEA applies to a suit to terminate parental rights. *See* Tex. Fam. Code § 152.102(4) ("Child custody proceeding" includes a proceeding for termination of parental rights.); *Arteaga*, 924 S.W.2d at 760 (applying section 152.102(4) to a proceeding brought by the State to terminate parental rights). "The UCCJEA grants jurisdiction to the Texas courts if Texas is the child's home state at the time the suit is filed." *Arteaga*, 924 S.W.2d at 760.

As relevant here, section 102.011(a) ("Acquiring Jurisdiction over Nonresident") provides: "The court may exercise status or subject matter jurisdiction over the suit as provided by Chapter 152." *See* Tex. Fam. Code § 102.011(a). Further, section 152.201(a)(1) ("Initial Child Custody Jurisdiction") provides, as applicable here, that a Texas court has jurisdiction to make an initial custody determination if "this state is the home state of the child on the date of the commencement of the proceeding." *See* Tex. Fam. Code § 152.201(a)(1).

Thus, the UCCJEA confers jurisdiction to Texas courts if Texas is the child's home state at the time the suit is filed. *See* Tex. Fam. Code § 152.201(a)(1); *Arteaga*, 924 S.W.2d at 760. The statute defines the child's home state as the state in which the child lived with a parent or a person acting as a parent for at least six

consecutive months immediately before the commencement of the termination of parental rights proceeding. *See* Tex. Fam. Code § 152.102(7); *Arteaga*, 924 S.W.2d at 760.

Mother and the Children fled El Salvador. Mother alleged in her petition that she and the children reside in Harris County, Texas and invoked section 152.201 (a)(1). Thus, the allegations establish subject matter jurisdiction.

The UCCJEA also applies to international disputes. *See* Tex. Fam. Code § 152.105(a) ("International Application of Chapter"; "A court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this subchapter and Subchapter C"); *Arteaga*, 924 S.W.2d at 760. However, the trial court concluded that it did not have authority to apply the UCCJEA (located within Chapter 152 of the Family Code) to termination proceedings (located within Chapter 160 of the Family Code). Section 152.105(a) provides: "A court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this subchapter and Subchapter C." Tex. Fam. Code § 152.105(a).

Here, the trial court thus concluded that it could not treat El Salvador as a "state" under this provision when applying Chapter 161 of the Family Code because it is not within "this subchapter or Subchapter C." However, section 152.105(a) plainly provides that it may be applied "for the purpose of applying this subchapter," "this subchapter" being Subchapter B of Chapter 152 of the Texas Family Code. Within Subchapter B is section 152.102(4), defining a "child custody proceeding" under the UCCJEA to include proceedings to terminate parental rights. Tex. Fam. Code § 152.102(4). The application of the plain meaning of section 152.105(a) is that it applies to "child custody proceedings" as that term is defined, and specifically here to terminate parental rights. Parental

5

terminations may be sought solely under Chapter 161 of the Family Code, *See* Tex. Fam. Code § 161.001–.30; thus section 152.105(a) applies to a "child custody proceeding" to terminate parental rights under Chapter 161. *See Arteaga*, 924 S.W.2d at 760 (applying section 152.102(4) to a proceeding brought by the State to terminate parental rights).

In fact, within Chapter 152 there are no means of obtaining any of the relief that may be sought in a "child custody proceeding" as that term is defined. *See* Tex. Fam. Code § 152.102(4) ("'Child custody proceeding' means a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence in which the issue may appear."). We conclude section 152.105(a) applies, through application of section 152.104, to parental termination proceedings.

Importantly, the father herein is not a presumed or even admitted father, but an alleged father. Under Title 5 of the Family Code, an "'[a]lleged father' means a man who alleges himself to be, or is alleged to be, the genetic father or a possible genetic father of a child, but whose paternity has not been determined." Tex. Fam. Code § 101.0015(a). "A man is entitled to notice of a [parental termination] proceeding . . . regardless of whether he registers with the registry of paternity if: (1) a father-child relationship between the man and the child has been established under this chapter or another law; or (2) the man commences a proceeding to adjudicate his paternity before the court has terminated his parental rights." Tex. Fam. Code § 160.402(b).

If the child is over one year of age when the petition is filed, an alleged father's parental rights may be terminated if the alleged father "has not registered

with the paternity registry under Chapter 160." Tex. Fam. Code § 161.002(b)(2); *see also In re R.J.*, 381 S.W.3d 619, 622 (Tex. App.—San Antonio 2012, no pet.) (upholding termination of alleged father's parental rights and concluding State did not need to serve or use due diligence in locating alleged father). "The termination of the rights of an alleged father . . . does not require personal service of citation or citation by publication . . . and there is no requirement to identify or locate an alleged father who has not registered with the paternity registry under Chapter 160." Tex. Fam. Code § 161.002(c-1); *see also In re C.M.D.*, 287 S.W.3d 510, 516 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (concluding Family Code provisions not requiring personal service on alleged father to be constitutional (no evidence of harm) and remanding to trial court for application).

The trial court was undoubtedly concerned about having personal jurisdiction over the alleged father due to a lack of service. However, the United States Supreme Court recognizes a distinction between married and unmarried fathers, concluding that "the mere existence of a biological link does not merit equivalent constitutional protection." *Lehr v. Robertson*, 463 U.S. 248, 261 (1983). If an unwed father establishes a commitment to the responsibilities of being a parent and participates in the rearing of his child, then he obtains a constitutionally protected interest. *Id.* "The Constitution does not require either a trial judge or litigant to give special notice to [alleged fathers] who are presumptively capable of asserting and protecting their own rights." *Id.* at 265. Thus, the Constitution allows, and Texas law provides, that no personal service is required if the alleged father has not registered in the paternity registry or otherwise demonstrated a father-child relationship. *See id.*; Tex. Fam. Code §§ 161.002(b), (c-1), 160.402.

In this case mother pleaded that alleged father had not registered as a father in the paternity registry, taken care of or supported the Children in any way, or otherwise participated in the rearing and upbringing of the Children. Moreover, alleged father threatened to harm the Children and mother. Thus, the facts alleged in mother's petition, taken as true, establish that she is entitled to proceed under section 161.002(b)(2) and (c-1) and is not required to personally serve alleged father. We conclude that the trial court erred in dismissing this case for want of prosecution and remand to the trial court for further proceedings.

/s/    Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.