

# NUMBER 13-25-00443-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CITY OF EDINBURG,**                                                      **Appellant,**

**v.**

**TEXAS CORDIA CONSTRUCTION,
LLC,**                                                                         **Appellee.**

---

## ON APPEAL FROM THE 332ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron
Memorandum Opinion by Justice Cron**

This accelerated interlocutory appeal arises from a payment dispute between appellant City of Edinburg (Edinburg) and appellee Texas Cordia Construction, LLC (Cordia) regarding two construction projects. Edinburg argues the trial court erred when it denied Edinburg's plea to the jurisdiction because Cordia failed to allege a valid waiver

of immunity. Edinburg maintains that Cordia failed to allege that the contracts between the parties were "properly executed on behalf of the local governmental entity." TEX. LOC. GOV'T CODE § 271.151(2)(A). We affirm because Cordia established the existence of properly executed contracts between the parties and its suit thus alleged a valid waiver of immunity.

## I.  BACKGROUND

Edinburg hired Cordia for two roadway improvement projects, sending Cordia notices of award for their successful bids. For each project, there was an executed contract between Edinburg and Cordia detailing the terms of the work, all relevant conditions, and execution pages signed by Edinburg's city manager and approved by Edinburg's city attorney. The August 2021 and September 2021 Edinburg city council meeting agendas contained items for Edinburg to approve Cordia's bids for the projects.

In May 2022, Cordia notified Edinburg that it needed to exercise the force majeure clauses of their contracts due to issues caused by the war in Ukraine. Edinburg opted to terminate for convenience under Section 16.03 of the contracts, sending letters notifying Cordia. Both sections read as follows:

16.03 Owner May Terminate for Convenience

A. Upon 7 days' written notice to [Cordia] and Engineer, [Edinburg] may, without cause and without prejudice to any other right or remedy of [Edinburg], terminate the Contract. In such case, [Cordia] shall be paid for (without duplication of any items):

1. completed and acceptable Work executed in accordance with the Contract Documents prior to the effective date of termination, including fair and reasonable sums for overhead and profit on such Work;

2. expenses sustained prior to the effective date of termination in performing services and furnishing labor, materials, or equipment as required by the Contract Documents in connection with uncompleted Work,

2

plus fair and reasonable sums for overhead and profit on such expenses; and

3. other reasonable expenses directly attributable to termination, including costs incurred to prepare a termination for convenience cost proposal.

B. Contractor shall not be paid for any loss of anticipated profits or revenue, post-termination overhead costs, or other economic loss arising out of or resulting from such termination.

Cordia subsequently submitted a request for payment under both contracts pursuant to these clauses. Cordia asserted that Edinburg paid "the final pay applications for each project, but failed to pay the accrued interest or any of the other amounts" to which Corida was entitled. After failure to resolve these issues, on August 30, 2023, Cordia filed suit against Edinburg asserting causes of action for breach of contract and a Prompt Payment Act (PPA) violation. Cordia's petition asserted a waiver of immunity pursuant to Texas Local Government Code Chapter 271 and sought recoverable damages under Section 271.153(a).

On October 24, 2023, Edinburg filed its plea to the jurisdiction and answer, asserting that Cordia "failed to plead facts affirmatively demonstrating a valid waiver of Edinburg's immunity from suit." Edinburg asserted no specific argument as to what facts were lacking, though requested a hearing for its motion. On December 5, 2023, Cordia filed an emergency motion to continue the hearing and motion to allow limited discovery on jurisdiction, asserting Edinburg's city manager executed both contracts on behalf of Edinburg and attached city council agendas indicating as such. Cordia argued Edinburg failed to address the waivers of immunity in its petition but requested limited discovery on the factual issues pertinent to jurisdiction.

Cordia then responded to the plea to the jurisdiction, again asserting there was a

clear waiver of immunity pursuant to Local Government Code Chapter 171 for breach of contracts for services to a governmental entity. Cordia further argued it was seeking allowable damages under Section 271.153 and that Edinburg failed to present any evidence or substantial argument regarding why there was no waiver. Cordia also re-urged its request for limited jurisdictional discovery.

According to Edinburg, the trial court held a hearing on the pending motions on January 30, 2024. Edinburg asserts on appeal that the hearing concluded with the trial court ordering jurisdictional discovery and postponing ruling on the plea. The parties disagreed about the scope of the limited discovery and over the course of multiple months, filed several subsequent motions, and had further hearings.

Cordia then filed a supplemental response to the plea to the jurisdiction and argued Edinburg did not disagree with any of the primary factual bases underlying the waiver of immunity. Cordia further highlighted Edinburg's agreement that all conditions precedent for suit had occurred. Cordia also presented evidence gathered in the jurisdictional discovery including Edinburg's sworn responses that it was a municipality, it entered written contracts with Cordia for construction services, and its city manager executed the contracts with authority.

The trial court held a hearing on the plea on June 5, 2025. Edinburg argued "the original complaint" did not include sufficient facts to determine there was a waiver of immunity and argued that, despite the jurisdictional discovery, that the trial court should "keep all this procedurally clean" by requiring Cordia to replead and file an amended complaint. Edinburg agreed that Cordia presented "some facts" that waived sovereign immunity but could not agree that an amended complaint would necessarily resolve the

4

issues for unclear reasons. Cordia responded that its pleading was sufficient as is, did not require amendment, and that Edinburg did not challenge the pleading or request amendment prior to the hearing. The parties and trial court then discussed the delay in the case as well as discovery timing before the trial court orally denied the plea.

On August 20, 2025, the trial court denied Edinburg's plea to the jurisdiction by written order. This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

## II.    ANALYSIS

Edinburg argues in its first threshold issue that the trial court erred in considering Cordia's evidence and this Court should disregard such evidence in deciding the plea to the jurisdiction because Edinburg solely challenged the sufficiency of Cordia's pleadings. Edinburg's remaining two issues contend Cordia failed to allege sufficient waiver as to its damages claims and that it waived its opportunity to replead. We will address the first two issues but need not address the third. *See* TEX. R. APP. P. 47.1.

## A.    Standard of Review

Political subdivisions of the State such as Edinburg are generally immune from suit unless immunity has been clearly and unambiguously waived by the legislature. *See* TEX. GOV'T CODE § 311.034; *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018). Immunity from suit is properly asserted through a plea to the jurisdiction. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). "A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case." *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (per curiam)

5

(citing *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015)). "The trial court's ruling on a plea to the jurisdiction is a question of law we review de novo." *Id*. (citing *Hou. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016)). In de novo review, we give no deference to the trial court's decision. *See In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)).

Challenges to jurisdiction can be based either on the pleadings or the existence of jurisdictional facts. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). When reviewing pleadings, we must "determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Pleadings are construed liberally in favor of the pleader and the pleader "should be afforded the opportunity to amend" if the challenged jurisdictional defect may be cured with further factual allegations. *Tex. Tech. Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024). "[W]e will grant a plea to the jurisdiction without an opportunity to replead only if the pleadings affirmatively negate jurisdiction." *Jones*, 646 S.W.3d at 325. A court cannot sustain a plea to the jurisdiction if the pleadings generate a fact question. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam); *City of Corpus Christi v. Muller*, No. 13-18-00443-CV, 2019 WL 2384162, at *1 (Tex. App.—Corpus Christi–Edinburg June 6, 2019, no pet.) (mem. op.).

If jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment where we consider evidence necessary to resolve the jurisdictional issues. *Clark*, 544 S.W.3d at 770–71; *see* TEX. R. CIV. P. 166a(c). It is foundational that

6

the "party suing the governmental entity bears the burden of affirmatively showing waiver of immunity." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). Thus, a party can only survive a plea to the jurisdiction "by showing that the statute 'clearly and affirmatively waive[s] immunity' and by also 'negating any provisions that create exceptions to, and thus withdraw, that waiver.'" *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (alteration in original) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023)).

## B.    Consideration of Jurisdictional Evidence

In its first issue, Edinburg contends the trial court erred in denying its plea to the jurisdiction because the plea "was solely a pleadings-based plea and did not challenge the existence of jurisdictional facts." Edinburg's underlying challenge to Cordia's pleading is that Cordia failed to plead facts establishing Edinburg properly executed the contracts with Cordia. However, Edinburg concedes that Cordia presented evidence in its responses to the plea demonstrating Edinburg validly executed and approved the contracts.

Instead, Edinburg argues this evidence is "irrelevant" because it asserts the caselaw prevents courts from assessing evidence if a governmental entity only challenges the pleadings. This frivolous argument can easily be disregarded. Edinburg cites no caselaw demonstrating that we review pleas to the jurisdiction in such a restricted manner. True, governmental entities can challenge either the pleadings or the lack of jurisdictional facts. *Jones*, 646 S.W.3d at 325. And typically, we consider evidence when jurisdictional facts are challenged and usually have no need to when only the pleaded facts are challenged. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635

(Tex. 2012).

However, nowhere does Texas precedent suggest that a plaintiff is barred from presenting evidence when a governmental entity asserts the pleadings lack facts demonstrating jurisdiction. *See Jones*, 646 S.W.3d at 325; *Miranda*, 133 S.W.3d at 226; *Clark*, 544 S.W.3d at 770–71. Edinburg's representation that cases like *Garcia* or *Miranda* narrowly prescribe two lanes for courts to analyze such pleas is incorrect. *Miranda*, 133 S.W.3d at 226–28; *Garcia*, 372 S.W.3d at 635. Indeed, such an approach would force courts to leap through needless formalities rather than focus on the purpose of a plea to the jurisdiction; that is, whether the pleader affirmatively showed a waiver of immunity. *See Maspero*, 640 S.W.3d at 528. In fact, the Texas Supreme Court resoundingly rejected Edinburg's argument that it would be error for trial courts "to consider evidence in a jurisdictional challenge based on the pleadings" and instead held that courts are required to assess evidence "either party adduces . . . in connection with a jurisdictional plea." *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 97 (Tex. 2023).

The application of Edinburg's approach here plainly demonstrates the folly of adopting it. Here, Cordia's petition on its face asserted a waiver pursuant to Texas Local Government Code Chapter 271, which waives sovereign immunity for adjudication of certain breach of contract claims against governmental entities. *See* TEX. LOC. GOV'T CODE § 271.152. Notably, Edinburg's challenge was only ever generalized, asserting Cordia failed to plead sufficient facts without arguing what was specifically deficient. And regardless, even if the trial court agreed that Cordia's pleadings were overly vague, the remedy would have been to provide Cordia an opportunity to replead, not dismissal. *See Jones*, 646 S.W.3d at 325.

8

But as it happens, Cordia preempted any ruling from the trial court by voluntarily presenting evidence regarding Edinburg's approval of the contract. The trial court then ordered jurisdictional discovery, and following completion of this discovery, Cordia supplemented the record with further evidence. Edinburg's argued approach, that the trial court and this Court must ignore plain evidence of waiver for lacking arguments that the pleaded language is deficient, is the opposite of the approach courts are required to use.

To state it simply, we do not find Cordia's pleading language deficient. On the petition's face, Cordia alleges that Edinburg "awarded" and "entered into written contracts with" Cordia "[p]ursuant to Texas Local Government Code Chapter 271." *See* TEX. LOCAL GOV'T CODE § 271.152; *Martinez*, 691 S.W.3d at 419. We are aware of no authority requiring Cordia to plead the specific actions of Edinburg's city council approving the contracts as we construe pleadings liberally. *See Martinez*, 691 S.W.3d at 419. Edinburg's cited caselaw for this argument is distinguishable because it involved a different waiver for charter schools not applicable to the waiver at issue here. *See Austin Achieve Pub. Sch. v. BookReport LLC*, No. 03-25-00225-CV, 2025 WL 2087208, at *5 (Tex. App.—Austin July 25, 2025, no pet.) (mem. op.).

But even had Edinburg carried out this specific challenge, this would have been a challenge to jurisdictional facts and Cordia would have been within its rights to present evidence of such approval. *See Clark*, 544 S.W.3d at 770–71; *Mission Consol. Indep. Sch. Dist. v. Flores*, 39 S.W.3d 674, 676 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (courts consider amended petitions and responses filed in connection with the plea). As it happened, Cordia presented this exact evidence, and as Edinburg now challenges jurisdictional facts on appeal, we will not refrain from reviewing this evidence. *See Jones*,

9

646 S.W.3d at 325; *Miranda*, 133 S.W.3d at 226; *Clark*, 544 S.W.3d at 770–71. This evidence plainly demonstrated that Edinburg properly executed the contracts at issue, thus waiving its immunity. *See* TEX. LOC. GOV'T CODE §§ 271.151(2)(A), 271.152.

Edinburg's first issue is overruled.

## C.      Waiver for Certain Damages

Edinburg next contends Cordia's allegations regarding certain damages were conclusory and did not establish a waiver pursuant to Section 271.153. Edinburg's argument again is without support. It is true that immunity is not waived "for damages not recoverable under Section 271.153." *Zachry Const. Corp. v. Port of Hou. Auth. of Harris Cnty.*, 449 S.W.3d 98, 110 (Tex. 2014). "But again, Section 271.153 does not add immunity that Section 271.152 takes away" but rather further defines "to what extent immunity has been waived." *Id.*

Edinburg's conclusion that Cordia's damages allegations are conclusory is itself conclusory. It simply asserts there are not "sufficient facts" without addressing the body of Cordia's petition or the detailed damages table contained within. Even ignoring that Edinburg cites no authority that a petition must contain detailed factual information underlying each category of damages, our review of the petition rebuts Edinburg's claim.

Turning to Edinburg's other contentions, it argues Cordia did not plead facts establishing damages for owner-caused delays and argues that damages claims for unabsorbed office overhead and consequential damages are disallowed by Texas law. Texas Local Government Code Section 271.153 permits the following damages:

> (1)      the balance due and owed by the local government entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

10

(2)    the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3)    reasonable and necessary attorney's fees that are equitable and just; and

(4)    interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

TEX. LOC. GOV'T CODE § 271.153(a). Meanwhile, this section excludes consequential damages except for increased work costs due to owner-caused delays, exemplary damages, and damages for unabsorbed home office overhead. *Id*. § 271.153(b). Thus, Edinburg is facially correct that damages for unabsorbed overhead and consequential damages outside of those for owner-caused delays are disallowed. *See id.*

However, as applied to Cordia's petition, Edinburg's arguments falter. Edinburg argues Cordia's requested consequential damages are not due to owner-caused delays but rather due to the war in Ukraine, and are thus jurisdictionally unavailable. *See id.* This argument misunderstands the basis of Cordia's claimed damages. Cordia asserts damages specifically arising out of contractual clauses dictating amounts owed after termination for convenience. Thus, the parties are disputing amounts "due and owed" under the contract. *See id.* § 271.153(a)(1).

As Cordia correctly notes, Edinburg's cited authority, *ISI Contracting, Inc. v. Metropolitan Transit Authority of Harris County*, held that as long as a plaintiff alleges sufficient facts to establish a breach of contract claim for damages "that are not unabsorbed home office overhead and that are owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays" granting a plea to the jurisdiction is not appropriate. 720 S.W.3d 767, 786–88 (Tex. App.—Houston [14th Dist.]

11

2025, no pet.). Here, Cordia has plainly alleged a breach of contract claim and asserted damages for balances due and owed under the contract, reasonable and necessary attorney's fees, and interest, as statutorily authorized. *See id.*; TEX. LOC. GOV'T CODE § 271.153(a). While Edinburg correctly notes that a party cannot contract their way into jurisdiction, *see Vantage Sys. Design, Inc. v. Raymondville Indep. Sch. Dist.*, 290 S.W.3d 312, 317–18 (Tex. App.—Corpus Christi–Edinburg 2009, pet. denied), the holdings of *ISI Contracting* and *Zachry* direct that pleas to the jurisdiction cannot be granted when there are valid waivers for claimed damages and disputed damages arguably fall under a category for which there is waiver. *See* 720 S.W.3d at 786–88; 449 S.W.3d at 110. Edinburg's disagreements over claimed damages such as for a used pick-up truck, personnel wages, and construction equipment are merits-based challenges not appropriate for a plea to the jurisdiction. *See ISI Contracting, Inc.*, 720 S.W.3d at 786–88; *Zachry Const. Corp.*, 449 S.W.3d at 110.

Finally, Edinburg's claim that immunity is not waived for a prompt payment action is misplaced. As per Edinburg's own cited authority, "the plain language of Section 262.007 waives immunity for 'interest as allowed by law' and interest under the PPA is 'allowed by law.'" *County of Galveston v. Triple B Servs., LLP*, 498 S.W.3d 176, 188 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). In sum, as Cordia has validly asserted a breach of contract action for which immunity is waived, its claims for prompt payment damages are likewise valid. *See id.*

We overrule Edinburg's second issue. As we have determined there is a valid waiver of immunity, we need not examine Edinburg's third issue concerning waiver of opportunity to replead. *See* TEX. R. APP. P. 47.1.

12

### III.    CONCLUSION

We affirm the trial court's ruling.

JENNY CRON
Justice

Delivered and filed on the
4th day of June, 2026.